## Commonwealth v. Yarian

*William C. Kuhn*, for Commonwealth.
*Bernard Goldstone*, for defendant.

STRANAHAN, J., June 21, 1966. — This matter is before the court on an appeal from an order of the Secretary of Revenue suspending the operator's license of George Yarian for a period of three months.

The basis of the appeal is an alleged violation of section 1027 (d) of The Vehicle Code of April 29, 1959, P. L. 58, which deals with the duty of an operator who has done damage to unattended property to notify the owner of the property or to otherwise identify himself. The testimony in this case would indicate that on April 12, 1965, defendant, George Yarian, had been in Sharpsville, Pa., and was returning to his home on Fruit Ave. in Farrell, Pa. It was then 2:00 a.m. The weather conditions were bad in that it was raining and visibility was affected by the rain. When defendant arrived in Sharon, he turned on Thornton Avenue and proceeded to Heinz Street. When he arrived at that intersection, he decided to turn around, and while doing this he hit a utility pole owned by the Pennsylvania Power Company and substantially damaged the pole.

As a result of this incident happening, Yarian received a cut to his mouth which resulted in a considerable loss of blood. After this unfortunate incident occurred, Yarian went to an adjoining house and endeavored to arouse the occupants, but was unsuccessful. He then returned to his automobile and proceeded home. When he arrived at his destination in the City of Farrell, a call was made at Yarian's request to the

Farrell Police, and they arrived in response to the call and noted that defendant was on the porch of a home. The police observed defendant's car parked in the middle of the road and noted that the front end of the automobile was damaged. Upon interviewing defendant, he freely admitted that he had been involved in an accident in Sharon and indicated to the police that the accident took place near the VFW in Sharon. The police noted the injury to defendant's mouth and transported him to a hospital to receive medical attention. They also noted that he had been drinking and filed a charge against him under a local ordinance for being drunk.

The court, however, must take into consideration that this man was not charged with drunken driving; nor does the suspension of his license stem from his drinking. To use this as a basis of sustaining the suspension would be unfair to defendant, since he has not been charged with driving under the influence and, therefore, has not been required to dispute this charge.

The police made an investigation in the vicinity of the VFW in Sharon, but could not find a broken pole. The testimony indicates that the Sharon Police were contacted and that they discovered a broken utility pole in the vicinity of the North Sharon Fire Station, which is located in the vicinity of the scene of the accident as described by the operator. The explanation of Yarian is that he confused the North Sharon Fire Station with the VFW, and such an explanation is a plausible one in that both the buildings are used for civic activities and other community affairs.

The testimony also indicates that Yarian reported the incident to the Sharon Police the following morning at 10:00 a.m.

In reviewing the testimony, the court is of the opinion that Yarian did not at any time endeavor to avoid identification as the man who caused the damage to the utility pole.

Section 1027 (d) of The Vehicle Code is a section which of necessity must be included in The Vehicle Code, but the problems of complying with the section are often times difficult. In the present case, the operator made an effort to arouse someone in the neighborhood, but was unsuccessful in doing so. He did advise the Farrell Police as to what he had done, and within eight hours thereafter, notified the Sharon Police of the incident that occurred. It must be remembered that defendant was injured in this accident.

In the court's opinion, there was a substantial compliance with the statute. A reading of the statute would indicate that the operator should have either notified the Pennsylvania Power Company or attached to the pole a written notice giving his name and address. It is difficult to imagine at 2:00 a.m. that the operator could notify the Pennsylvania Power Company, and it is impractical to believe that a man who had sustained a substantial cut to his face should be required to attach a note to a broken utility pole listing his name and address. It would appear to this court that notification of the police was the expeditious way to handle this matter.

It is true that the operator could have notified the Sharon Police initially, rather than the Farrell Police, but his desire to get home and receive medical attention leads this court to believe that his failure to notify the Sharon Police is understandable under the circumstances.

This court also notes that defendant is employed and has need for an automobile in his work, and further takes into consideration that he attended the driver's training course sponsored by the Commonwealth of Pennsylvania under the authority set forth in section 5 of the Act of August 1, 1963, P. L. 460, 24 PS §2905.

It is this court's opinion that the suspension of Yarian's operating privileges under the circumstances as

developed at the hearing should not stand. It would appear to this court that, while there may be a technical violation of sec. 1027 (d) of The Vehicle Code, that there was an effort made by Yarian to comply with the requirements of that section, and that these requirements were sufficient to indicate that there was an effort on his part to act in good faith.

ORDER

And now, June 21, 1966, the order of the Department of Revenue, Bureau of Traffic Safety, suspending the operator's license of George Yarian for a period of three months is reversed, and said Department of Revenue is directed to reinstate the operator's license of George Yarian.